IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Douglas Higgins, *on behalf of himself and others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>James Doran Company, Inc.; JDC Management LLC; Robert J. Doran, Jr., *individually*,<br><br>    Defendants. | Civil Action No. 2:16-2149-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff Douglas Higgins's motion for conditional collective action certification under 29 U.S.C. § 216(b). For the reasons set forth below, the Court denies the motion as untimely filed.

### I.   Background

Plaintiff Higgins filed this action on June 23, 2016. He alleges that he and other non-exempt maintenance technicians employed by Defendants were not paid the overtime rate for overtime worked. Instead, Defendants provided them with compensatory time. Defendants answered on October 24, 2016, after a jointly requested sixty-day stay for settlement discussions. Defendants admit that some maintenance employees were given compensatory time in lieu of overtime pay "in error." (Dkt. No. 18 at 3.)

The current amended scheduling order requires motion "to join other parties" or to amend the pleadings to have been filed by March 24, 2017. The discovery deadline is June 23, 2017. Dispositive motions were due on July 7, 2017. On February 3, 2017, Plaintiff Higgins timely joined Plaintiff Wayne Hart. On July 10, 2017, Plaintiff Higgins moved for conditional collective

action certification and permission to mail a proposed notice to possible opt-in plaintiffs. Defendants oppose conditional certification, arguing, *inter alia*, that the motion is untimely.

## II.  Legal Standard

The FLSA permits a plaintiff to bring a collective action on behalf of himself and other employees that are "similarly situated" to the plaintiff. *See* 29 U.S.C. § 216(b). The collective action provision, 29 U.S.C. § 216(b), provides,

> An action to recover [unpaid overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"The Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.'" *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Certification of a collective action is a two-stage process. *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 (D.S.C. 2012). "First, a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" that they can "opt-in" to the collective action. *Id.* at 367–68. At this "notice stage," the court reviews the pleadings and affidavits to determine whether the plaintiff has carried his burden of showing he is similarly situated to the proposed class members. *Id.* at 368. "Because the court has minimal evidence, this determination is made using a fairly lenient standard," *Steinberg v. TQ Logistics, Inc.*, No. 0:10–cv–2507–JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011), requiring plaintiffs to make a "a modest factual showing sufficient to demonstrate that they and potential plaintiffs

together were victims of a common policy or plan that violated the law," *Purdham*, 629 F. Supp. 2d at 548. If the court determines that the proposed class members are similarly situated, the court conditionally certifies the class. *Steinberg*, 2011 WL 1335191, at *1. The putative class members then are given notice and the opportunity to "opt-in," and the action proceeds as a representative action throughout discovery. *Id.*

Second, after the court has conditionally certified the class, the potential class members have been identified and notified, and discovery has been completed, "a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Pelczynski*, 284 F.R.D. at 368. At this "decertification stage," the court applies a heightened fact-specific standard to the "similarly situated" analysis. *Steinberg*, 2011 WL 1335191, at *2. "Courts have identified a number of factors to consider at this stage, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Curtis v. Time Warner Entm't–Advance/Newhouse P'ship*, No. 3:12–cv–2370–JFA, 2013 WL 1874848, at *3 (D.S.C. May 3, 2013) (internal quotation marks and alterations omitted). If the court determines that the plaintiffs are not, in fact, similarly situated, the court may decertify the class, dismiss without prejudice the opt-in plaintiffs' claims, and permit the named plaintiffs to proceed on their individual claims. *Id.*

A collective action under the FLSA differs from a class action under Rule 23 of the Federal Rules of Civil Procedure. *See* 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1807 (3d ed. 2005)). Unlike Rule 23 class actions, in FLSA collective actions, "plaintiffs must affirmatively 'opt in' to the suit in order to be considered a member of the

class"; Rule 23's requirements of numerosity, typicality, commonality, and adequacy do not apply; and plaintiffs need only show that they and potential class members are "similarly situated" for the Court to certify the collective action. *Mancia v. Mayflower Textile Servs. Co.*, No. CCB-08-273, 2008 WL 4735344 at *2 (D. Md. Oct. 14, 2008).

### III. Discussion

Plaintiff Higgins moves for conditional certification of this FLSA collective action, for an order directing Defendants to provide names and contact information of all current and former maintenance technicians who were given compensatory time in lieu of overtime pay, and for an order permitting Plaintiffs to mail a proposed notice to potential class members. Defendants argue the motion for conditional certification is untimely. The Court agrees. The deadline for adding additional parties (including new opt-in plaintiffs) expired four months ago on March 24, 2017. The motion for conditional class certification filed July 10, 2017—after the discovery deadline, after the deadline for summary judgment motions, over one year after the filing of this action, and six weeks after the deadline for motions to join other parties—is untimely. It should have been made in time for potential opt-in plaintiffs to respond to notice of the action by March 24, 2017. Plaintiff Higgins effectively asks the Court to (1) reopen discovery for identification of possible opt-in plaintiffs, (2) hold discovery open for a notice period, (3) continue to hold it open for further discovery regarding the claims of the opt-in plaintiffs, then (4) adjudicate final certification, and then (5) return the litigation to the posture it was in on the June 23, 2017 discovery deadline. That would be a continuance of at least five months.

Rule 16(b) of the Federal Rules of Civil Procedure provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied . . . ." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Plaintiff Higgins, however,

provides no explanation whatsoever for his failure to abide by this Court's scheduling orders. The complaint was filed as a "collective action complaint" brought under the FLSA "on behalf of all others similarly situated" with the named Plaintiff (Dkt. No. 1), yet Mr. Higgins waited over one year to move for conditional certification and to send notice to potential opt-in plaintiffs. Cause for delay is particularly difficult to fathom because in this case Defendants *admit* liability for Plaintiffs' claims and so Plaintiffs' only substantial need for discovery is to identify affected employees. Plaintiff Higgins seeks, essentially, a redo of discovery.

This case is subject to being called for trial in two months. It is simply too late to begin a notice stage for a collective action. The Court therefore denies the motion for conditional certification as untimely filed.

The Court's denial of conditional certification does not mean this action cannot proceed as an FLSA collective action. Conditional certification only refers to the district court's exercise of its discretionary power to facility the sending of notice to potential class members. *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 518 (4th Cir. 2011). Plaintiffs may opt into the action by filing consents with the district court before notices pursuant to conditional certification are sent or even if conditional certification never occurs. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010). Thus, this case is an FLSA collective action with one named Plaintiff and one opt-in Plaintiff.

In their opposition to conditional certification, Defendants assert for the first time that the February 2017 joinder of opt-in Plaintiff Hart is "ineffective" and that this Court "has no jurisdiction over him" because his claims are allegedly subject to a mandatory arbitration agreement. (Dkt. No. 18 at 2 n.1, 4.) Were that the law, there would be no such thing as a motion to compel arbitration because persons asserting claims subject to arbitration could never be parties

subject to the jurisdiction of the court. To the contrary, federal courts have the authority to evaluate the validity of arbitration agreements, *see Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967), which "is a question of state law governing contract formation," *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), and to determine whether enforcement has been waived, *see Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). Plaintiff Hart was timely joined almost six months ago and it appears Defendants were immediately aware of his arbitration agreement. Nevertheless, Defendants have made no motion to strike Plaintiff Hart's opt-in notice, no motion to compel arbitration, and no motion for summary judgment as to Plaintiff Hart's claims. The issue of Plaintiff Hart's arbitration agreement therefore is not before the Court. The Court will address the issue if Defendants raise it in a motion.

Defendants also argue Plaintiff Hart is not similarly situated with Plaintiff Higgins because they worked in different facilities, at different times, and had different job duties. (Dkt. No. 18 at 4.) Defendants, however, do not contest in their opposition to conditional certification that Plaintiffs Hart and Higgins were subjected to a common policy of providing compensatory time in lieu of overtime pay. Because the Court denies the motion for conditional certification as untimely, it does not reach arguments about whether Plaintiff Hart is "similarly situated" under the conditional certification standard. Technically, Defendants could move to decertify this collective action, *see Pelczynski*, 284 F.R.D. at 368, but it is unclear what purpose such a motion would serve given that there are only two plaintiffs.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for conditional certification of an FLSA collective action.

**AND IT IS SO ORDERED.**

-7-

_____
Richard Mark Gergel
United States District Court Judge

July 28, 2017
Charleston, South Carolina